United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-4192
_____

Fred L. Sims,                            *
                                         *
          Appellant,                     *
                                         *
     v.                                  *  Appeal from the United States District
                                         *  Court for the Southern District of Iowa.
Sauer-Sundstrand Co.,                    *
                                         *
          Appellee.                      *

_____

Submitted:  June 9, 1997
     Filed:   December 1, 1997
_____

Before LOKEN and ROSS, Circuit Judges, and FENNER,[1] District Judge.
_____

ROSS, Circuit Judge.

Appellant Fred Sims, age 54, was laid off by appellee Sauer-Sundstrand Company (Sauer-Sundstrand) after more than 27 years of service. Sims filed suit under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq., claiming that Sauer-Sundstrand (1) discriminatorily selected him for layoff because of his age, and (2) subsequently refused to rehire him in retaliation for the charge of discrimination Sims filed as a result of his layoff. The jury found for Sauer-Sundstrand

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri, sitting by designation.

on the age discrimination claim and for Sims on the retaliatory refusal to rehire claim. However, the district court[2] reversed the jury's finding with respect to the retaliation claim by granting Sauer-Sundstrand's motion for judgment as a matter of law, Fed. R. Civ. P. 50, and entered judgment for Sauer-Sundstrand on all claims. The only issue on appeal is whether the district court erred in granting the motion for judgment as a matter of law in favor of Sauer-Sundstrand on the retaliation charge.

I.

On March 22, 1965, at the age of 27, Sims was hired by Sauer-Sundstrand at its LaSalle, Illinois facility as an hourly-paid employee. After various promotions, he was elevated to the position of process engineer in 1982 and senior process engineer in 1988 or 1989. In late June, 1986, he was laid off in what was termed a permanent reduction in force, but he was subsequently recalled in less than a month. Six years later, in June of 1992, Sims was laid off a second time in what was again called a permanent reduction in force, which significantly reduced the number of employees at the LaSalle facility. At the time of the June, 1992 layoff, Sims was 54 years of age. Due to his years of service, if he had been working for Sauer-Sundstrand on his 55th birthday he would have vested in lifetime medical benefits. Because of this medical benefit, Sims was interested in being recalled to work. At the time of the layoff, company officials assured Sims that he would be considered for recall when job openings for which he was qualified became available, and accordingly Sims kept some contact with Sauer-Sundstrand's human resource department. Sims filed a charge of discrimination with the EEOC on March 18, 1993, claiming that his selection for layoff had been for age-related reasons. He filed his lawsuit with respect to that claim on March 24, 1994.

---

[2]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

In March, 1994, almost two years after Sims's layoff and one year after the EEOC claim was filed, Rick Brimeyer, manager of manufacturing at the LaSalle facility, interviewed Denis Bedingfield for an open position for process engineer at the Ames facility. Sims claims he neither knew about nor was he called to interview for this position. Bedingfield, like Sims, became a senior process engineer without having a college degree.

On April 4, 1995, nearly three years after his layoff, Sims sent a letter and attached a résumé to Gregory Wuhs, Sauer-Sundstrand's vice president of administration in Ames, Iowa, requesting consideration "for any job openings in processing, supervision, tooling and trouble-shooting." On May 15, 1995, Doris Johnson, manager of human resources for the Ames facility, notified Sims by letter that he would not be invited for an interview because he did not meet the requirements for any of the current open positions at the Ames, Iowa and Freeport, Illinois facilities, more particularly he did not hold a technical degree nor did he have heavy exposure to computer-directed machining or recent experience regarding current manufacturing processes.

On December 12, 1995, Sims filed a new charge with the EEOC, this time claiming that Sauer-Sundstrand's refusal to consider him for open positions amounted to retaliation for his prior 1993 EEOC charge and his then pending lawsuit. Subsequently, he was granted leave to amend his lawsuit to add the claim of retaliation. Sims listed two charges of claimed retaliation, first that the award of the process engineer position at the Ames facility to Denis Bedingfield on May 2, 1994, was in retaliation for his initial EEOC claim, and second, that he was denied consideration for positions following the submission of his résumé on April 4, 1995, for retaliatory reasons. Near the end of the trial, after noting concern that the Bedingfield issue was time barred because no EEOC charge had been filed with regard to that claim, Sims withdrew the Bedingfield claim, leaving Sauer-Sundstrand's response to Sims's letter

and résumé of April 4, 1995, the only instance of claimed retaliation submitted to the jury.

## II.

In reviewing a motion for judgment as a matter of law, a court must analyze the evidence in the light most favorable to the prevailing party, resolve all conflicts of evidence in favor of that party, give the prevailing party the benefit of all favorable inferences which may reasonably be drawn from the facts, and deny the motion, if, in light of the foregoing, reasonable jurors could differ as to the conclusion that could be drawn from the evidence. Summit v. S-B Power Tool, 121 F.3d 416, 420-21 (8th Cir. 1997). On review the matter is considered de novo on the legal question as to whether the district court properly concluded that there was no legally sufficient evidence to support the jury's verdict.

To establish a prima facie case of retaliation, a plaintiff must show participation in a protected activity, subsequent adverse action by the employer, and a causal connection between the two. Evans v. Kansas City, Mo. School Dist., 65 F.3d 98, 100 (8th Cir. 1995), cert. denied, 116 S. Ct. 1319 (1996) . The district court granted Sauer-Sundstrand's motion for judgment as a matter of law, concluding that the evidence presented was not sufficient to permit a reasonable jury to find a causal connection between Sims's age discrimination complaint and the much later adverse employment action. We agree that Sims failed to establish the necessary connection between his EEOC claim and Sauer-Sundstrand's subsequent failure to consider Sims for open positions.

The adverse employment action, namely the failure of Sauer-Sundstrand to consider Sims for available positions following the submission of his résumé on April 4, 1995, occurred more than two years after the filing of the EEOC complaint and more than one year after filing this lawsuit. We have held that "[t]he passage of time

-4-

between events does not by itself foreclose a claim of retaliation; rather, it weakens the inference of retaliation that arises when a retaliatory act occurs shortly after a complaint." Smith v. St. Louis Univ., 109 F.3d 1261, 1266 (8th Cir. 1997).

Doris Johnson, the manager of human resources, stated in her letter in response to Sims's résumé that he would not be considered for the two open positions because he did not hold the requisite degree for the positions, nor did he possess the alternative recent experience. Sims's evidence at trial to support the element of causal connection consisted of his claim that other persons, including himself, had previously been hired for engineer positions without having a degree, and that therefore the new requirement of a degree for subsequent open positions was imposed in order to disqualify him as a candidate in retaliation for his EEOC complaint. Also in connection with this claim, Sims argues the causal element is established because Sauer-Sundstrand refused to consider his 27 years of employment with the company as an alternative to the required degree.

The simple fact of not being hired or asked to interview for a position after an EEOC filing is, by itself, insufficient to prove causal connection, particularly when the incident occurred more than two years after the protected activity. Cf. Feltmann v. Sieben, 108 F.3d 970, 977 (8th Cir. 1997). Further, proof of causal connection in this case fails where no showing was made that persons without a degree were eventually hired for the two open positions at the Ames and Freeport facilities, or at any similar position following the imposition of the degree requirement. Finally, the addition of a degree requirement for the open positions at the Ames and Freeport facilities in the area of manufacturing engineering does not, by itself, support a claim of causal connection where Sims failed to produce evidence that his experience as a process engineer at the LaSalle facility three years earlier was sufficient to qualify him for the positions in manufacturing engineering open at the Ames and Freeport facilities. With these failures of proof, Sims was unable satisfy his burden of proving a causal

connection between his discrimination complaint and Sauer-Sundstrand's subsequent failure to consider him for open positions which occurred after the EEOC filing.

Even if we were to conclude that Sims satisfied his burden of establishing a prima facie case of discrimination, he would nevertheless fail because Sauer-Sundstrand set forth legitimate, non-discriminatory reasons for its imposition of a degree requirement for the Ames and Freeport facilities, specifically that the assembly processing conducted at those facilities involved a significant increased level of complexity than the machine processing conducted at the LaSalle facility, thus explaining the need for a degree or an advanced level of expertise. Sims failed to prove that these articulated reasons were mere pretext for discrimination. Sauer-Sundstrand offered evidence showing that the engineering work performed at the Ames and Freeport facilities required more complex engineering skills. Sims failed to rebut this testimony with any evidence regarding the actual duties of the open positions, what qualifications competing applicants possessed, or whether those persons actually hired for the positions were less qualified. In fact, there was no evidence presented that the positions were ever filled. Sims's only evidence that he had the requisite skills to perform the duties of the open positions at Ames or Freeport was the testimony of Vito Straznickas, who testified that Sims had done and could do the work that was required of a process engineer at the Ames facility. However, Straznickas also testified that he had not visited the Ames facility since 1989, six years prior to the date of Sims's application and long before the plant had introduced its current assembly processes. Even when viewed in the light most favorable to Sims, this evidence was inadequate to show that Sauer-Sundstrand's stated reasons for requiring a degree for the open positions was pretext for discrimination. Therefore, we conclude that the district court properly granted judgment as a matter of law in favor of Sauer-Sundstrand.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.